ATTORNEY FOR APPELLANT
Jon Aarstad
Vanderburgh County Public Defender Agency
Evansville, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Maureen Ann Bartolo
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 82S05-0503-CR-112

LEONARD LAMONT FRYE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellees (Plaintiff below).*

Appeal from the Vanderburgh Superior Court, No. 82D02-0302-FB-156
The Honorable Robert J. Pigman, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 82A05-0405-CR-245

**December 1, 2005**

**Sullivan, Justice.**


On February 6, 2003, Leonard Lamont Frye entered the home of Linda Walker through a window he had broken to gain entry. Walker was not home at the time and Frye was unarmed. Frye took a television set and other items worth approximately $395. The Evansville Police apprehended Frye shortly thereafter.

The State charged Frye with Burglary, a Class B felony; Theft, a Class D felony; and False Informing, a Class B misdemeanor. The State also charged Frye with being a Habitual Offender on the basis of four prior convictions for Burglary, Theft, Intimidation, and Forgery.[1]

At trial, a jury found Frye guilty of the Burglary, Theft, and False Informing charges. It also determined that Frye was a Habitual Offender. The trial court sentenced Frye to 15 years incarceration on the Burglary charge, which was enhanced by 25 years for being a Habitual Offender, for a total of 40 years.[2] This sentence was imposed pursuant to the following sentencing parameters in effect at the time:

> Class B felony: presumptive term of ten years, with not more than ten years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. Ind. Code § 35-50-2-5 (1998).

> Habitual offender enhancement: an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed 30 years. Ind. Code § 35-50-2-8(h) (Supp. 2003).

Frye appealed his sentence, arguing that his sentence was inappropriate in light of the nature of his offense and his character. The Court of Appeals affirmed his 40 year sentence for Burglary "in light of his extensive criminal history and questionable character. . . ." Frye v. State, 822 N.E.2d 661, 2005 Ind. App. LEXIS 96, slip op. at 7 (2005) (mem.). Frye sought, and we granted, transfer. Frye v. State, 831 N.E.2d 740 (Ind. 2005).[3]

---

[1] Frye's convictions for Burglary, Theft, Intimidation, and Forgery took place in 1981, 1990, 1997, and 1999, respectively.

[2] Frye also received a two-year sentence for the Theft conviction, enhanced by four years for being a Habitual Offender, and a 180-day sentence for the False Informing conviction. These sentences were imposed concurrent to the 40-year sentence for Burglary. In his appeal, Frye challenged the imposition of a habitual offender enhancement of both the Burglary and Theft sentences. The State conceded error on this point, and the Court of Appeals vacated the Habitual Offender enhancement for the Theft conviction. Frye v. State, 822 N.E.2d 661, 2005 Ind. App. LEXIS 96 (2005) (mem.). We summarily affirm the portion of the opinion of the Court of Appeals on this point. Ind. Appellate Rule 58(A)(2).

[3] Several weeks after Frye was sentenced, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). We subsequently interpreted Blakely to dictate that sentences imposed under Indiana law can violate the Sixth Amendment to the United States Constitution when aggravating circumstances found by the trial court are not based on facts found to exist by a jury. Smylie v. State, 823 N.E.2d 679, 685 (Ind. 2005). In his brief to the Court of Appeals, Frye explicitly said that he raised no

Frye asks that we exercise our authority under Indiana Constitution article VII section 4, to review and revise his sentence. We may do so "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). As noted above, the trial court enhanced the presumptive sentence for Burglary of 10 years by five years to a total of 15 years and then imposed a Habitual Offender enhancement of 25 years, for a total executed sentence of 40 years. We agree with Frye that 40 years is inappropriate in light of the nature of the offense and the character of the offender.

As to the nature of the offense, there was no violence and there was marginal pecuniary loss. Frye committed Burglary and Theft without being armed and while Walker was away from her home. These facts together decreased the likelihood of violence. Additionally, the value of the items Frye took from Walker's home was marginal. Frye took a television, a "jewelry box, costume and other jewelry, perfume, a tape measure, a musical rocking horse, a cavalry sword, videos, bacon, and Pepsi . . . [totaling] approximately $395." Frye, 822 N.E.2d 661, slip op. at 7. Many of these items were later returned to Walker after Frye's arrest.

As to the character of the offender, we recognize that Frye has an extensive criminal history. But we do not believe his record demonstrates that a sentence of 40 years is warranted in this case. The Burglary conviction that in part supports the enhancement occurred more than 20 years ago. Frye's record indicates that his last conviction for a violent offense occurred in 1999 for Battery and that many of his convictions have been alcohol related. Frye acknowledged that he has struggled throughout his life with alcoholism and has unsuccessfully sought treatment for his condition. While we do not condone Frye's past or current violations of the law, we cannot conclude that those transgressions even when aggregated demonstrate a character of such recalcitrance or depravity to justify a sentence of 40 years.

claim of sentencing error under Blakely. However, he now contends that the Court of Appeals violated Blakely when it held that part of the justification for the enhancement of his sentence was that, at the time he was sentenced, "he had [additional] charges pending" against him. (It does not appear that the trial court relied on these additional charges as aggravating circumstances.) Frye, 822 N.E.2d 661, slip op. at 6. Given our disposition of this case, it is unnecessary for us to, and we do not, decide whether this claim is available or, if so, whether it has merit.

We revise Frye's sentence for Burglary to the presumptive term for a Class B felony of 10 years. Under the Habitual Offender enhancement, we impose an additional sentence of 15 years for a total of 25 years on the Burglary charge. Frye's remaining sentences for Theft and False Informing remain unchanged and are to run concurrently.

We reverse Frye's sentence of 40 years for Burglary and being a Habitual Offender and remand to the sentencing court with instructions to issue an amended sentencing order and to issue or make any other document or docket entries necessary to impose upon Frye a sentence of 10 years for Burglary as a Class B felony, enhanced by 15 years for being a Habitual Offender, without a hearing.

Shepard, C.J., and Boehm, and Rucker, JJ., concur. Dickson, J., dissents with separate opinion.

**Dickson, Justice, dissenting.**

In much of the work of this Court, our attention is unfortunately focused upon the worst of criminal behavior, often involving the infliction of tragic injuries and death. It is thus quite possible that we occasionally may become somewhat desensitized such that crimes not resulting in injuries may deceptively seem moderate and mild.

The defendant here broke through the front door glass and into the home of an elderly woman living alone and stole her television, jewelry, and other items. Fortunately, she was not in the house at the time. But this does not eliminate the enormous emotional impact and devastating sense of vulnerability and insecurity resulting from such a violation of the sanctity of a person's home. For conviction of this very serious crime of Burglary as a Class B Felony, Indiana statutes authorized a sentence of up to twenty years. And if committed by a habitual offender, a person with two or more convictions for prior unrelated felonies, the trial judge was authorized to increase the sentence by an additional thirty years, for a total of fifty years.

Judge Pigman imposed a stern but measured sentence. For this Burglary conviction, and for this defendant, who has a criminal history that includes eight prior felonies including burglary, battery, forgery, intimidation, and escape, plus ten misdemeanors, many of which involved violence, the trial court here ordered a sentence of fifteen years, five years less than the maximum. And for his status as a habitual offender, the judge enhanced the sentence by only twenty-five years, five less than the maximum enhancement. For the defendant's accompanying convictions of Theft as a Class D felony, the trial court imposed a basic sentence of two years, instead of the maximum sentence of three years. And he ordered all of the defendant's sentences to be served concurrently rather than consecutively.

The defendant's convictions could have subjected him to a lawful aggregate sentence of over fifty-three years. But the trial court thoughtfully imposed a total sentence of only forty years.

Notwithstanding our duty under Indiana Appellate Rule 7(B) to give due consideration to

5

the trial court's sentencing decision, this Court today finds the sentence determined by Judge Pigman to be inappropriate and instead declares that it should be only twenty-five years – less than fifty percent of the maximum sentence authorized by statute.  In matters of criminal sentencing, Indiana Appellate Rule 7(B) "places central focus on the role of the trial judge."  <u>Serino v. State</u>, 798 N.E.2d 852, 856 (Ind. 2003).  Trial judges, not appellate judges, are in a far superior position to make sound sentencing decisions that are appropriate to the offender and the offense.  Given an appellate tribunal's limited opportunity to fully perceive and appreciate the totality of the evidence personally observed by the trial judge at trial and sentencing, the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases.  Appellate sentence modifications should be extraordinary events that almost never occur.  This is not such a case.  To the contrary, the trial court's decision is quite commensurate with the offense and the offender.

I would affirm the trial court (except as to the incorrect redundant enhancement for the Theft conviction, as conceded by the State and noted by the Court of Appeals and by footnote 2 in the majority opinion herein).